IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FIRST TRUST PORTFOLIOS L.P.** )<br>    **an Illinois limited partnership, and** )<br>**FIRST TRUST ADVISORS L.P.** )<br>    **an Illinois limited partnership,** )<br>)<br>        **Plaintiffs,** )<br>)<br>        v. )<br>)<br>**JNL VARIABLE FUND, LLC,** )<br>    **a Delaware limited liability company,** )<br>**JACKSON NATIONAL LIFE INSURANCE** )<br>**COMPANY,** )<br>    **a Michigan company,** )<br>**JACKSON NATIONAL LIFE DISTRIBUTORS,** )<br>**LLC,** )<br>    **a Delaware limited liability company,** )<br>**JACKSON NATIONAL ASSET MANAGEMENT,** )<br>**LLC,** )<br>    **a Michigan limited liability company,** )<br>**JNL INVESTORS SERIES TRUST,** )<br>    **a Massachusetts business trust, and** )<br>**MELLON CAPITAL MANAGEMENT** )<br>**CORPORATION,** )<br>    **a Delaware corporation,** )<br>)<br>        **Defendants.** ) | 07CV3011<br><br>JUDGE MORAN<br>MAGISTRATE JUDGE<br>ASHMAN<br><br>JURY TRIAL DEMANDED |

## ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT

Defendants JNL Variable Fund, LLC ("JNL Variable Fund"), Jackson National Life Insurance Company ("Jackson National Life Insurance"), Jackson National Life Distributors, LLC ("Jackson National Life Distributors"), Jackson National Asset Management, LLC ("Jackson National Asset"), and JNL Investors Series Trust ("JNL Investors Series") (collectively "Jackson"), by and through their attorneys, respectfully submit this Answer to the

Complaint filed by First Trust Portfolios L.P. and First Trust Advisors L.P. (collectively "First Trust").

## THE PARTIES

1.  First Trust Portfolios, L.P. is a limited partnership organized and existing under the laws of the state of Illinois, with its principal place of business at 1001 Warrenville Road, Lisle, IL 60532. First Trust Portfolios L.P. is the largest independent unit investment trust sponsor in North America and is an affiliate of First Trust Advisors, L.P.

    ANSWER: Jackson lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 1 and therefore denies the allegations.

2.  First Trust Advisors, L.P. is a limited partnership organized and existing under the laws of the state of Illinois, with its principal place of business at 1001 Warrenville Road, Lisle, IL 60532. First Trust Advisors L.P. serves as an investment advisor to investment companies, separately managed accounts, individuals, ERISA plans, and other institutional clients, as well as providing unit investment trust portfolio supervision for trusts sponsored by its affiliate First Trust Portfolios L.P. First Trust Advisors L.P. currently manages or supervises over $30 billion in assets.

    ANSWER: Jackson lacks sufficient knowledge to form a belief as to the truth of the allegations in paragraph 2 and therefore denies the allegations.

3.  On information and belief, JNL Variable Fund is a limited liability company organized and existing under the laws of the state of Delaware, with its principal place of business at 1 Corporate Way, Lansing, MI 48951. On information and belief, JNL Variable Fund offers shares in a variety of funds, including but not limited to the JNL/Mellon Capital Management NASDAQ® 15 Fund, the JNL/Mellon Capital Management Value Line® 25 Fund, the JNL/Mellon Capital Management VIP Fund, and the JNL/Mellon Capital Management JNL Optimized 5 Fund. On information and belief, the JNL/Mellon Capital Management VIP Fund combines six strategies in one portfolio, including the NASDAQ® 15 strategy and the Value Line® 25 strategy. On information and belief, the JNL/Mellon Capital Management JNL Optimized 5 Fund combines five strategies in one portfolio, including the NASDAQ® 15 strategy and the Value Line® 25 strategy.

    ANSWER: Jackson admits that JNL Variable Fund is a limited liability company organized and existing under the laws of the state of Delaware. Jackson admits that JNL

9136149.3

Variable Fund offers interests in different funds, including the JNL/Mellon Capital Management NASDAQ® 15 Fund, the JNL/Mellon Capital Management Value Line® 25 Fund, the JNL/Mellon Capital Management VIP Fund, and the JNL/Mellon Capital Management JNL Optimized 5 Fund. Jackson further admits that the JNL/Mellon Capital Management VIP Fund and the JNL/Mellon Capital Management JNL Optimized 5 Fund each utilize different strategies. Jackson lacks sufficient knowledge about the precise meaning of the specific strategies referred to in the third and fourth sentences of paragraph 3 and therefore denies the allegations in those sentences. Jackson denies the remaining allegations in paragraph 3.

4. On information and belief, Jackson National Life Insurance is a stock life insurance company organized and existing under the laws of the state of Michigan, with its principal place of business at 1 Corporate Way, Lansing, MI 49851. On information and belief, Jackson National Life Insurance is admitted to conduct life insurance and annuity business in the District of Columbia and all states except New York. On information and belief, Jackson National Life Insurance is wholly owned by Prudential plc, a publicly traded life insurance company in the United Kingdom.

ANSWER: Admitted.

5. On information and belief, Jackson National Life Distributors is a limited liability company organized and existing under the laws of the state of Delaware with its principal place of business at 7601 Technology Way, Denver, CO 80237. On information and belief, Jackson National Life Distributors is a wholly owned subsidiary of Jackson National Life Insurance and serves as its sales and marketing arm.

ANSWER: Admitted.

6. On information and belief, Jackson National Asset is a limited liability company organized and existing under the laws of the state of Michigan with its principal place of business at 1 Corporate Way, Lansing, MI 48951. On information and belief, Jackson National Asset is a wholly owned subsidiary of Jackson National Life Insurance, serves as investment advisor to the JNL Variable Fund, and provides the JNL Variable Fund with professional investment supervision and management.

9136149.3

ANSWER: Admitted.

7. On information and belief, JNL Investors Series Trust is a Massachusetts business trust organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business at 85 State Street, Boston, MA 02109. On information and belief, the JNL Investors Series Trust offers shares in a variety of funds, including but not limited to the Jackson Perspective Optimized 5 Fund. On information and belief, the Jackson Perspective Optimized 5 Fund combines five strategies in one portfolio, including the NASDAQ® 15 strategy and the Value Line® 25 strategy.

ANSWER: Jackson admits the allegations in the first sentence of paragraph 7. Jackson further admits that the JNL Investors Series Trust offers interest in different funds, including the Jackson Perspective Optimized 5 Fund. Jackson lacks sufficient knowledge about the precise meaning of the specific strategies referred to in the third sentence of paragraph 7 and therefore denies the allegations in that sentence. Jackson denies any remaining allegations in paragraph 7.

8. On information and belief, Mellon Capital is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 595 Market Street, Suit 3000, San Francisco, CA 94105. On information and belief, Mellon Capital is a wholly owned subsidiary of Mellon Financial Corp., a publicly traded financial holding company. On information and belief, Mellon Capital manages the investment and reinvestment of the assets of the JNL Variable Funds, including but not limited to the JNL/Mellon Capital Management NASDAQ® 15 Fund, JNL/Mellon Capital Management Value Line® 25 Fund, the JNL/Mellon Capital Management VIP Fund, and the JNL/Mellon Capital Management JNL Optimized 5 Fund, subject to the oversight and supervision of Jackson National Asset and the Board of Managers of JNL Variable Fund. On information and belief, Mellon serves as "Sub-Advisor" for the Jackson Funds, including but not limited to the Jackson Perspective Optimized 5 Fund.

ANSWER: Jackson admits that Mellon Capital manages the investment of certain assets of the JNL Variable Funds, including the JNL/Mellon Capital Management NASDAQ® 15 Fund, JNL/Mellon Capital Management Value Line® 25 Fund, the JNL/Mellon Capital Management VIP Fund, and the JNL/Mellon Capital Management JNL Optimized 5 Fund,

9136149.3

subject to the oversight and supervision of Jackson National Asset and the Board of Managers of JNL Variable Fund. Jackson lacks sufficient knowledge to form a belief as to the truth of the allegations in the first two sentences of paragraph 8 and therefore denies the same. Jackson also lacks sufficient knowledge about the precise identity of the strategies referred to in the fourth sentence and therefore denies the allegations in that sentence.

## JURISDICTION AND VENUE

9. This action arises under the Patent Laws of the United States (35 U.S.C. §§ 1 *et seq.*) and seeks damages and injunctive relief as provided in 35 U.S.C. §§ 281 and 283-285.

ANSWER: Jackson admits that First Trust's complaint purports to state a claim under the Patent Laws of the United States and that it seeks damages and injunctive relief.

10. The Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a).

ANSWER: The allegations in paragraph 10 of subject matter jurisdiction are conclusions of law to which no response is required. To the extent a response is required, Jackson admits that the court has subject matter jurisdiction, and otherwise denies the allegations.

11. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred within this District.

ANSWER: The allegations of paragraph 11 are conclusions of law to which no response is required. To the extent a response is required, Jackson does not contest venue in this district for purposes of this Action and otherwise denies the allegations.

5

9136149.3

## BACKGROUND

12. In 1998, representatives of the JNL Defendants and First Trust commenced a dialogue about implementing into Jackson National Life Insurance's variable annuity products certain investment strategies used by First Trust Portfolios L.P in its unit investment trusts.

ANSWER: Denied except that Jackson admits that in or about 1999 representatives of First Trust Advisors LP and Jackson National Financial Services discussed the use of certain investment strategies in connection with variable annuity products.

13. As a result of this dialogue, First Trust facilitated the implementation of five successful investment strategies in the variable annuity products of Jackson National Life Insurance. First Trust worked with JNL Variable Fund to implement variable annuity funds using these five investment strategies.

ANSWER: Denied except that Jackson admits that representatives of First Trust Advisors LP worked with representatives of Jackson National Financial Services to furnish an investment program for the JNL Variable Fund LLC.

14. First Trust also worked with Jackson National Life Distributors and its sales staff to educate them about techniques to effectively sell variable annuity products making use of such investment strategies.

ANSWER: Denied except that Jackson admits that representatives of First Trust Advisors LP worked with representatives of Jackson National Life Distributors in connection with the sale of certain investment strategies.

15. As Sub-Advisor to JNL Variable Fund, First Trust managed the investment and reinvestment of the assets of each of JNL Variable Fund's variable annuity funds.

ANSWER: Jackson admits that as a Sub-Advisor First Trust Advisors made investment decisions for the assets of certain Series issued by the JNL Variable Fund.

16. In December 2003, JNL Variable Fund and Jackson National Asset terminated their relationship with First Trust. In First Trust's place, JNL Variable Fund and Jackson National Asset retained the firm of Curian Capital, LLC. The sub-advisory

6

relationship between JNL Variable Fund, Jackson National Asset, and Curian Capital, LLC lasted approximately two months.

ANSWER: Jackson admits that in or about December 2003, Jackson National Asset Management recommended the replacement of First Trust Advisors LP and, after a shareholder vote, subsequently retained the firm of Curian Capital LLC, for approximately two months. Jackson denies any remaining allegations in paragraph 16.

17. Subsequently, JNL Variable Fund and Jackson National Asset solicited requests for proposals from numerous investment firms, including First Trust and Mellon Capital. Ultimately, Mellon Capital was selected as the new Sub-Advisor for JNL Variable Fund.

ANSWER: Jackson admits that Jackson National Asset Management solicited requests from First Trust Portfolios LP and Mellon Capital, and ultimately selected Mellon Capital as a sub-advisor for the JNL Variable Fund. Jackson denies any remaining allegations in paragraph 17.

18. First Trust developed other innovative strategies, not provided to JNL Variable Fund or Jackson National Asset for use in variable annuity products, including a method of selecting a portfolio of securities from a particular database of securities, e.g., the NASDAQ 100 Index of stocks, or the 100 stocks identified in the Value Line Investment Survey, for investment purposes.

ANSWER: Jackson lacks sufficient knowledge to form a belief as to the allegations in paragraph 18 and therefore denies the allegations.

19. Without authorization from First Trust, JNL Variable Fund copied First Trust's security selection method for use in JNL Variable Fund's JNL/Mellon Capital Management NASDAQ® 15 Fund, JNL/Mellon Capital Management Value Line® 25 Fund, the JNL/Mellon Capital Management VIP Fund, JNL/Mellon Capital Management JNL Optimized 5 Fund, as well as other investment portfolios. This unauthorized use extends to a network of JNL Variable Fund-affiliated companies, including Jackson National Life Insurance, Jackson National Life Distributors, Jackson National Asset, JNL Investors Series, and Mellon Capital.

ANSWER: Denied.

7

**INFRINGEMENT OF U.S. PATENT NO. 7,206,760**

20. First Trust incorporates paragraphs 1 through 19 as if fully set forth herein.

ANSWER: Jackson repeats, restates and incorporates its answers in entirety to paragraphs 1 through 19 as its answer to paragraph 20.

21. On April 17, 2007, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,206,760 ("the '760 patent") titled "Method of Selecting Securities for a Portfolio." A true and correct copy of the '760 patent is attached as Exhibit A to this Complaint. By Assignment, First Trust Portfolios L.P. has acquired and continues to maintain all rights, title, and interest in and to the '760 patent, including the right to sue and collect damages for past infringement.

ANSWER: Jackson admits that what appears to be a true and correct copy of the '760 patent is attached to the Complaint. Jackson lacks sufficient knowledge to form a belief as to the remaining allegations in paragraph 21 and therefore denies the allegations.

22. First Trust Advisors L.P. is a licensee of First Trust Portfolios L.P. and is licensed under the '760 patent.

ANSWER: Jackson lacks sufficient knowledge to form a belief as to the allegations in paragraph 22 and therefore denies the allegations.

23. On information and belief, a reasonable opportunity for discovery will show that the JNL Defendants and Mellon Capital made, used, sold, and/or offered for sale in the United States variable annuity products in which a group of securities was selected according to a method that infringed the '760 patent, in violation of 35 U.S.C. § 271.

ANSWER: Denied.

24. On information and belief, a reasonable opportunity for discovery will show that the JNL Defendants and Mellon Capital made, used, sold, and/or offered for sale in the United States shares in JNL Variable Fund, LLC, which owns investment portfolios which were managed using investment strategies called NASDAQ® 15 and Value Line® 25, that infringed the '760 patent, in violation of 35 U.S.C. § 271.

ANSWER: Denied.

25. On information and belief, a reasonable opportunity for discovery will show that the JNL Defendants and Mellon Capital made, used, sold, and/or offered for sale in the United States shares in JNL Investors Series Trust, which owns investment portfolios which were managed using investment strategies called NASDAQ® 15 and Value Line® 25, that infringed the '760 patent, in violation of 35 U.S.C. § 271.

ANSWER: Denied.

26. On information and belief, a reasonable opportunity for discovery will show that the JNL Defendants and Mellon Capital have infringed and continue to infringe, have induced and continue to induce others to infringe, and/or have committed and continue to commit acts of contributory infringement of one or more claims of the '760 patent by aiding and abetting the use of one or more of the inventive methods claimed in the '760 patent and/or importing, making, using, selling, and/or offering for sale products in the Untied States and this District, which products, including but not limited to the JNL/Mellon Capital Management NASDAQ® 15 Fund the JNL/Mellon Capital Management Value Line® 25 Fund, the JNL/Mellon Capital Management VIP Fund, the JNL/Mellon Capital Management JNL Optimized 5 Fund, and the Jackson Perspective Optimized 5 Fund, are made in accordance with one or more of the inventive methods of the '760 patent. Such infringing activities violate 35 U.S.C. § 271.

ANSWER: Denied.

27. On information and belief, the JNL Defendants and Mellon Capital are engaging in willful and deliberate infringement of the '760 patent which justifies an increase in damages to be assessed pursuant to 35 U.S.C. § 284 and further qualifies this action as an exceptional case supporting an award of reasonable attorneys' fees pursuant to 35 U.S.C. § 285.

ANSWER: Denied.

28. First Trust has sustained substantial damages as a result of the JNL Defendants' and Mellon Capital's acts of infringement.

ANSWER: Denied.

29. The JNL Defendants' and Mellon Capital's continued infringement of the '760 patent is causing and will continue to cause irreparable injury to First Trust unless the JNL Defendants' and Mellon Capital's infringement activities are enjoined by this Court.

9136149.3

    <u>ANSWER</u>:    Denied.

## ANSWER TO PRAYER FOR RELIEF

Jackson denies that First Trust is entitled to any of the relief requested in the Complaint's prayer for relief.

## ANSWER TO OTHER ALLEGATIONS

All allegations not heretofore admitted are here and now denied.

## <u>AFFIRMATIVE DEFENSES</u>

### First Affirmative Defense

1. Jackson does not infringe any valid and enforceable claim of the '760 patent.

### Second Affirmative Defense

2. The '760 patent and all the claims therein are invalid under 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

3. The '760 patent and all the claims therein are unenforceable.

### Fourth Affirmative Defense

4. All or some of First Trust's claims are barred by the doctrine of prosecution history estoppel.

### Fifth Affirmative Defense

5. All or some of First Trust's claims are barred by the doctrine of estoppel.

### Sixth Affirmative Defense

6. All or some of First Trust's claims are barred by the doctrine of laches.

### Seventh Affirmative Defense

7. The Complaint fails to assert a claim for which relief may be granted.

### Reservation For Additional Affirmative Defenses

8. Jackson hereby reserves the right to assert additional affirmative defenses if such affirmative defenses are discovered during the course of this litigation.

## COUNTERCLAIMS

1. On or about May 30, 2007, First Trust filed a complaint against Jackson, in which First Trust has alleged that Jackson has infringed and continues to infringe, has induced and continues to induce, and/or has committed and continues to commit acts of contributory infringement of one or more claims of U.S. Patent No. 7,206,760. Jackson has denied infringement and has asserted that the claims of the '760 patent are invalid and unenforceable. Consequently there is now an actual controversy between First Trust and Jackson.

### Jurisdiction and Venue

2. This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201 and 2202. Venue is proper under 28 U.S.C. §§ 1391 and 1400, and by Counterdefendant's choice of forum.

### Counterclaim Count I – Declaration of Non-Infringement

3. Jackson repeats and reiterates paragraphs 1 through 3 above, as if set forth verbatim herein.

4. Jackson has not made, used, sold, offered for sale, or imported (and is not now making, using, selling, offering for sale, or importing) any product that incorporates, either literally or under the doctrine of equivalents, all of the limitations of any of the claims of the '760 patent and, consequently, does not infringe such claims.

5. Jackson has not engaged in, and is not engaging in, any activity that could be considered an inducement to infringe or contributory infringement of any of the claims of the '760 patent.

**Counterclaim Count II – Declaration of Patent Invalidity**

6. Jackson repeats and reiterates paragraphs 1 through 6 above, as if set forth verbatim herein.

7. Each of the claims of the '760 patent is invalid under 35 U.S.C. §§ 101, 102, 103 and/or § 112.

**WHEREFORE:** Jackson prays for judgment:

a) Dismissing First Trust's Complaint with prejudice;

b) Declaring that Jackson has not infringed any valid and enforceable claim of U.S. Patent No. 7,206,760;

c) Declaring that U.S. Patent No. 7,206,760 is invalid, void and of no legal effect;

d) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Jackson its costs, attorneys' fees and expenses incurred in defending against the Complaint; and

e) Granting Jackson such other and further relief as the Court deems appropriate.

**JURY DEMAND**

Jackson hereby demands trial by jury of all issues in this action triable of right by a jury.

Dated: August 15, 2007  Respectfully submitted,

By: */s/ James R. Ferguson*_____
James R. Ferguson
Andrea C. Hutchison
MAYER, BROWN, ROWE & MAW LLP
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600

Attorneys for JNL Variable Fund, LLC, Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, Jackson National Asset Management, LLC, and JNL Investors Series Trust

13

9136149.3

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on August 15, 2007, a true and correct copy of the foregoing ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT was filed electronically with the Clerk of the Court through the Court's CM/ECF System, which will provide electronic notification of such filing to:

>Mr. Lawrence M. Jarvis, Esq.
>McAndrews, Held & Malloy Ltd.
>500 West Madison Street, 24th Floor
>Chicago, IL 60661

>By: */s/ James R. Ferguson*
>James R. Ferguson
>Andrea C. Hutchison
>Attorneys for JNL Variable Fund, LLC, Jackson National Life Insurance Company, Jackson National Life Distributors, LLC, Jackson National Asset Management, LLC, and JNL Investors Series Trust

9136149.3